IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| BERINGER COMMERCE, INC., d/b/a BLUE ACORN, iCi,<br><br>Plaintiff,<br><br>vs.<br><br>FIN CAP, INC., d/b/a "BLUEACORN.CO," BLUE ACORN PPP, LLC, BLUE OAK FOREST, LLC, MICHAEL S. COTA, JAMES FLORES, STEPHANIE HOCKRIDGE REIS, and NATHAN REIS,<br><br>Defendants. | Civil Action No. 5:21-cv-251-BO |

## **DECLARATION OF JEFFREY MEYERSON**

I, Jeffrey Meyerson, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner in Radix Law, PLC, an Arizona-based law firm, located at 15205 N. Kierland Blvd. Suite #200, Scottsdale, Arizona 85254. Radix Law serves as outside general counsel to Fin Cap, Inc., Blueacorn PPP, LLC and Blue Oak Forest, LLC (collectively, the "Blueacorn PPP Defendants"). I make this Declaration in support of the Blueacorn PPP Defendants' Motion to Dissolve the June 11, 2021 Temporary Restraining Order entered in favor of Plaintiff Beringer Commerce, Inc. d/b/a Blue Acorn iCi ("BCI"). This Declaration is based upon my personal knowledge. Each of the following statements is true and correct to the best of my own knowledge.

2. The Blueacorn PPP Defendants conduct business as a lender service provider that helps customers compile loan application paperwork for Paycheck Protection Plan ("PPP") loans. The Blueacorn PPP Defendants connect technology and financial expertise to streamline the PPP application process for small businesses, independent contractors, and the self-employed. The

Blueacorn PPP Defendants are not a bank or a lender, and have partnered with several banks to apply for and secure PPP loans for customers. Principally during the "second round" of PPP funding which began only earlier this year, the Blueacorn PPP Defendants have successfully processed more than $14 billion in pandemic PPP loans for more than 860,000 businesses.

3. As outside general counsel to the Blueacorn PPP Defendants, I was tasked with dealing with allegations made by BCI leading to the above-captioned lawsuit.

4. On or about May 19, 2021, I was provided with a copy of a letter dated May 12, 2021 from counsel for BCI which enclosed a few mail items that had been forwarded to BCI by mistake. The May 12 letter simply asked the Blueacorn PPP Defendants to update their contact information so BCI did not receive these communications going forward. A true and correct copy of that correspondence, without exhibits, is attached hereto as Exhibit A. The May 12 letter did not mention any prior correspondence to the Blueacorn PPP Defendants. To the best of my knowledge and belief, prior to the receipt of the May 12 letter, neither I nor anyone at the Blueacorn PPP Defendants had any knowledge or awareness of BCI or its business and operations, or had any contact with BCI or any of its representatives.

5. Thereafter, on or about May 27, 2021, I received a letter from Beth A. Stanfield, counsel for BCI, dated May 26, 2021 (Dkt. 1, Ex. O).

6. On May 27, 2021, I contacted Ms. Stanfield via email regarding her May 26 letter. A true and correct copy of the May 27, 2021 email from J. Meyerson to B. Stanfield is attached hereto as Exhibit B.

7. In this email, I noted to Ms. Stanfield that *"in your letter you stated that we received an April 8, 2021 cease and desist and I cannot find that letter anywhere in our file. Can you please send me a copy of that letter at your convenience. I will discuss with my client and respond to you*

2

Case 5:21-cv-00251-BO   Document 25   Filed 06/17/21   Page 2 of 5

*but I would ask for an extension on your current June 1 response date as it will likely take more time than 2 business days for my client to respond and/or complete the tasks that you are asking of them. I look forward to hearing from you."* Id.

8. I received the April 8 letter (Dkt. 1, Ex. I) from Ms. Stanfield on Friday, May 28, 2021. Upon reviewing the April 8 letter, I determined that another attorney on behalf of BCI had sent the April 8 letter by Federal Express to the address of the previous owners of the company and that no one currently associated with the Blueacorn PPP Defendants had actually received the April 8 letter.

9. It is important to note that a search of the Arizona Corporation Commission would have revealed the registered address for Blueacorn PPP, LLC, which is c/o Radix Law, with an address of 15205 N. Kierland Blvd, Ste. 200, SCOTTSDALE, AZ 85254. I would also point out that this was one of the addresses to which the May 12 and May 26 letters were sent to.

10. I also received an email dated May 28, 2021 from Ms. Stanfield in which she requested clarification of certain items, and stated, "Once we receive clarification on these items, we will discuss your request for some additional time to respond to our second Cease & Desist letter." A true and correct copy of the email dated May 28, 2021 from B. Stanfield to J. Meyerson is attached hereto as Exhibit C.

11. Thereafter, on or about June 1, 2021, I had a telephone conference with Ms. Stanfield during which I advised her that no one currently associated with the Blueacorn PPP Defendants actually received the April 8 letter sent on behalf of BCI. I further discussed with Ms. Stanfield the very high level of internet traffic that the Blueacorn PPP website receives (over 1 million hits daily), as well as the fact that over a half-million texts and emails are sent daily to and from customers of the Blueacorn PPP Defendants.

12. Our conversation was centered on the fact that the Blueacorn PPP Defendants had no intention to cause BCI any issues and that we would appreciate a collaborative approach to determine the best course moving forward. I expressed to Ms. Stanfield that changing the name of Blueacorn PPP immediately would actually create more issues for BCI rather than less because customers of the Blueacorn PPP Defendants would suddenly not be able to find the new contact information. I suggested the possibility of putting a disclaimer on the website and in communications and BCI doing the same. The Blueacorn PPP Defendants' concern with the immediate name change was that if it were no longer named "Blueacorn" that hundreds of thousands of customers would believe that the Blueacorn PPP Defendants had disappeared, and BCI would end up receiving an increase in the number of unwanted inquiries rather than a decrease.

13. At the end of our call, I suggested to Ms. Stanfield that we discuss these points with our clients and then reconvene to discuss possible solutions. Ms. Stanfield expressed concern over the volume of communications being received by BCI, but stated she would discuss the issues with her client. Following the call, and consistent with what Ms. Stanfield indicated in her May 28 email to me, I was waiting to hear from her as to whether BCI will allow additional time for the Blueacorn PPP Defendants to respond to the cease and desist letter dated May 26, 2021.

14. I never stated that the Blueacorn PPP Defendants were unwilling to work with BCI to alleviate BCI's perceived issues being caused by the alleged infringing activity; rather I was trying to engage with BCI's counsel to come up with solutions that would actually achieve BCI's goal of reducing any issues they were experiencing.

15. The very next communication that I got from Ms. Stanfield was her email dated June 11, 2021 transmitting a courtesy copy of this lawsuit filed on behalf of BCI. Later that

4

Case 5:21-cv-00251-BO Document 25 Filed 06/17/21 Page 4 of 5

afternoon, I received a copy of the Temporary Restraining Order entered by the Court. I never received any prior notice of BCI's decision to file this lawsuit or the Motion for a Temporary Restraining Order.

16. Ms. Stanfield never mentioned filing a Motion for Temporary Restraining Order when we had our initial discussions. In fact, the April 8 letter contains no demand to cease use of the name "Blueacorn." Furthermore, the May 12 and May 26 letters makes no mention of seeking a Temporary Restraining Order or any type of preliminary or permanent injunctive relief, threatening only in the May 26 letter that BCI would seek monetary damages if litigation were to be filed.

17. Had the Blueacorn PPP Defendants been provided notice and an opportunity to be heard on BCI's request for a temporary restraining order, I would have immediately retained counsel who would have appeared at a hearing and apprised the Court of the nature of the parties' ongoing discussions, and presented argument in opposition to the Motion for Temporary Restraining Order.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this the 17th day of June, 2021.

_____
Jeffrey Meyerson

5

Case 5:21-cv-00251-BO   Document 25   Filed 06/17/21   Page 5 of 5