IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-251-BO

BERINGER COMMERCE, INC. d/b/a )
BLUE ACORN iCi, )
 )
        Plaintiff, )
v. )     O R D E R
 )
FIN CAP, INC. d/b/a "BLUEACORN.CO"; )
BLUE ACORN PPP, LLC; BLUE OAK )
FOREST, LLC; MICHAEL S. COTA; )
JAMES FLORES; STEPHANIE )
HOCKRIDGE REIS; and NATHAN REIS, )
 )
        Defendants. )

This cause comes before the Court on a motion by defendants Fin Cap, Inc., Blue Acorn PPP, LLC, and Blue Oak Forest, LLC pursuant to Fed. R. Civ. P. 65(b)(4) to dissolve the temporary restraining order entered in this case on June 11, 2021. [DE 23]. A hearing on the matter was held before the undersigned on June 23, 2021, at Elizabeth City, North Carolina. The Court dissolved the temporary restraining order (TRO) by entry of an oral order from the bench. The following is entered in support of the Court's oral order.[1]

## DISCUSSION

Rule 65(b) of the Federal Rules Civil Procedure provides that

(1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

---

[1] The Court dispenses with a recitation of the factual background and incorporates by reference the background included in its temporary restraining order.

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Although plaintiff offered grounds for entry of a TRO without prior notice to defendant in its motion, specifically prior contact with defendants regarding their allegedly infringing conduct with no satisfactory response, plaintiff failed to technically comply with Rule 65(b) by failing to specifically certify in writing efforts made to give notice to defendants of its intent to seek a TRO and the reasons notice should not be required prior to entry of a TRO. The Court is persuaded that this technical failure is a sufficient ground upon which to dissolve the TRO. *See Nutrition & Fitness, Inc. v. Progressive Emu, Inc.*, No. 5:12-CV-192-F, 2012 WL 1478734, at *3 (E.D.N.C. Apr. 27, 2012).

The motion to dissolve the TRO [DE 23] is GRANTED and the TRO entered in this case on June 11, 2021, is dissolved. The hearing on plaintiff's motion for preliminary injunction is CONTINUED to July 8, 2021, at 3:00 p.m. at the United States Courthouse at 310 New Bern Avenue, Raleigh, North Carolina.

SO ORDERED, this **23** day of June, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE