IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-251-BO

| | | |
|---|---|---|
| BERINGER COMMERCE, INC. d/b/a BLUE ACORN ICI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | O R D E R |
| FIN CAP, INC. d/b/a "BLUEACORN.CO"; BLUE ACORN PPP, LLC; BLUE OAK FOREST, LLC; MICHAEL S. COTA; JAMES FLORES; STEPHANIE HOCKRIDGE REIS; and NATHAN REIS, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This cause comes before the Court on plaintiff's motion for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. Defendants Fin Cap, Inc.; Blue Acorn PPP, LLC; and Blue Oak Forest, LLC have responded,[1] plaintiff has replied, and a hearing on the matter was held before the undersigned on July 8, 2021, at Raleigh, North Carolina. In this posture, the motion is ripe for ruling and, for the reasons that follow, the motion is denied.

## BACKGROUND

In its verified complaint, [DE 1], plaintiff alleges as follows. Plaintiff is a digital technology consulting company which assists its clients with planning and developing online consumer experiences for their customers. It provides services to about 169 clients throughout the United States. The Blue Acord Brand which plaintiff built has been used in public channels of trade since 2007. This branding consists of a left-tilted blue acorn image as well as a particular font and

---

[1] The individual defendants have not appeared.

stylizing of the words "blue" and "acorn". Plaintiff filed a trademark application in the United States Patent and Trademark Office on July 16, 2020, for the BLUE ACORN ICI mark, and the mark was registered on February 16, 2021, without opposition. One of plaintiff's predecessors created the acorn logo and the copyrights to that logo were later assigned to plaintiff. Plaintiff alleges that is has established a valuable reputation and good will in its Blue Acorn Brand, the BLUE ACORN ICI mark, and the blue acorn logo.

Defendants purport to assist other businesses, independent contractors, and self-employed persons in applying for funds made available through the federal Paycheck Protection Program (PPP). Defendants provide assistance to their customers through online digital services. Defendant Fin Cap filed its articles of incorporation with the Wyoming Secretary of State on October 12, 2020, and on March 24, 2021, registered the trade name "Blueacorn.co" with the same. Defendants operate their businesses through several websites, including "blueacorn.co," "getblueacorn.com," and "blueppp.com." Defendants advertise on social media websites and web-based platforms including YouTube and Google. Defendants use their allegedly infringing name and logo to promote their PPP business, which includes the words "blueacorn" and an image of a blue, left-tilting acorn.

Plaintiff alleges that as a result of defendants' use of confusingly similar marks, including a replica of plaintiff's blue acorn logo, customers have been confused or deceived into thinking that defendants' PPP services originate from or are otherwise affiliated with plaintiff. Plaintiff cites as evidence a large number of calls, web contacts, emails, and other communications it has received since March 2021 from customers of defendants. Plaintiff alleges that the majority of these communications are from dissatisfied or irate customers of defendants. Plaintiff alleges that

2

the volume of communications it has received from defendants' customers has become unmanageable and has prevented it from conducting its normal course of business.

Plaintiff has alleged claims for federal trademark infringement under the Lanham Act, 15 U.S.C. § 1114; federal unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); cybersquatting, 15 U.S.C. § 1125(d); federal copyright infringement, 15 U.S.C. § 101; state law trademark infringement, N.C. Gen. Stat. § 80-11 and common law; and violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75.1-1. In its motion for a preliminary injunction, plaintiff requests an order requiring defendants to:

1. Cease, desist, and permanently refrain from all use of the words "acorn," "blue acorn," or "blueacorn" or any of their formatives in any manner and on any print or electronic platform of any kind, including but not limited to any website, social media platforms, or any online or print advertising or marketing materials;

2. Cease, desist, and permanently refrain from all use of any acorn images, including a copy of the Acorn Logo, in any manner, including but not limited to any electronic platform, any advertising, and on any public forum;

3. Place a prominent disclaimer on the landing or home page for all websites associated with Defendants' business, explaining that the website and services at issue are not affiliated with, sponsored by, or otherwise connected to Blue Acorn iCi;

4. Set up an actively monitored email address and dedicated customer service line for customer inquiries and maintain sufficient trained personnel to monitor and respond to such inquiries on a timely basis;

5. Provide detailed information that is prominently displayed on all websites associated with Defendants' business, explaining how, where, and when to contact Defendants by phone and by email;

6. Deactivate the "blueacorn.co" and "getblueacorn.com" websites and any other website associated with Defendants' business in which any form of the name "blue acorn" is used in the domain name;

7. Reroute all traffic from the websites noted in the previous paragraph to a non-fringing website that is actively monitored by Defendants;

8. Change Defendants' company name(s) with the Wyoming and Arizona Secretaries of State and any other state in which an infringing name is used; and inform Defendants' customers of the new name; and

> 9. Destroy all materials, including advertising and promotional materials, bearing the infringing "blue acorn" name, logo, images, acorn image, and marks.

[DE 8].

## DISCUSSION

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (quotation and citation omitted). A movant must make a clear showing of each of four elements before a preliminary injunction may issue: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009) (holding that the *Blackwelder* balance-of-hardships test no longer applies in light of *Winter*) *vacated on other grounds*, 559 U.S. 1089 (2010) (memorandum opinion).

The Court determines that a preliminary injunction is not warranted in this case where, at a minimum, the plaintiff has failed to demonstrate either irreparable harm or that the balance of hardships weighs in its favor. First, defendant operates a business that will soon wind down due to the expiration of the PPP loan program. *See* [DE 32] Spirakus Decl. ¶ 4. Indeed, Blueacorn PPP is no longer engaging in any marketing for new PPP customers and will now work only with its existing borrower-customers to assist them in applying for loan forgiveness. *Id.* And, significantly, plaintiff has not demonstrated through its filings that it has lost any existing or potential customers to defendants' business because of defendants' alleged infringement. *See also Radiance Found., Inc. v. N.A.A.C.P.*, 786 F.3d 316, 324 (4th Cir. 2015) ("it is important to remember that "trademark infringement protects only against mistaken purchasing decisions and not against confusion generally.") (*qoting Lang v. Ret. Living Publ'g Co.*, 949 F.2d 576, 583 (2d Cir.1991). While plaintiff has indeed experienced hardship by having to manage contacts from consumers who were

4

attempting to contact defendants, plaintiff has failed to show that money damages are inadequate to account for any business interruption it has experienced. As such, a preliminary injunction is not appropriate. *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) ("A plaintiff must overcome the presumption that a preliminary injunction will not issue when the harm suffered can be remedied by money damages at the time of judgment.").

The balance of equities further does not weigh in favor of the issuance of an injunction. In accordance with the now-dissolved temporary restraining order entered in this case, defendants have complied and continue to comply with plaintiff's second, third, and fifth requested preliminary relief as well as a portion of plaintiff's fourth requested relief. However, the Court agrees with defendant that requiring it to discontinue its use of the blue acorn name at this stage could result in additional calls and contacts to plaintiff, as current customers of defendants may no longer be able to locate defendant online. Accordingly, in this posture and in light of the fact that defendants have complied with much of plaintiff's requested relief, the Court determines that the balance of hardships does not favor a preliminary injunction.

As plaintiff has failed to make the requisite showing as to irreparable harm and the balance of the equities, the Court need not consider whether plaintiff has demonstrated a likelihood of success on the merits or whether an injunction would be in the public interest.

## CONCLUSION

Accordingly, plaintiff's motion for preliminary injunction [DE 8] is DENIED. Plaintiff's motion to seal [DE 6] exhibits F, J, L, and N to its complaint, which contain sensitive financial information belonging to non-parties, is GRANTED for those reasons outlined in plaintiff's memorandum in support of its motion to seal.

SO ORDERED, this __13__ day of July, 2021.

                                              TERRENCE W. BOYLE
                                              UNITED STATES DISTRICT JUDGE